NATIONAL–BEN FRANKLIN FIRE INS. CO., OF PITTSBURGH, PA., v. HAUGHTON et al.

Circuit Court of Appeals, Fifth Circuit.
November 27, 1929.

No. 5650.

William H. Shook and R. W. Mayo, both of Dallas, Tex. (Smithdeal, Shook, Spence & Bowyer, of Dallas, Tex., on the brief), for appellant.

Thomas W. Davidson, of Dallas, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was an action at law on a fire insurance policy brought by B. E. Haughton, who alleged that he was owner of the property insured at the time it was damaged by fire, subject to a mortgage held by The Praetorians. Attached to the policy was a clause which provided that loss or damage should be paid to The Praetorians as mortgagee, and that their interest should not be affected by any subsequent change of title. It was undisputed that a fire loss occurred amounting to $15,500. Haughton brought the action for the use and benefit of The Praetorians, who later intervened in their own right.

The trial court entered judgment in favor of Haughton, but the amount found to be due was ordered paid to The Praetorians and

credited upon the mortgage. The insurance company took an appeal from the judgment, but while that appeal was being perfected it was discovered by Haughton's counsel, and is made to appear here by proper showing, that subsequent to the issuance of the policy, but before the fire, Haughton had lost title through a sheriff's sale. It is further shown without dispute that pending this appeal appellant has paid the amount of the judgment to The Praetorians.

In the light of subsequent events, Haughton was not entitled to sue, as he was not the unconditional record owner of the insured property at the time of the loss by fire. It follows from his admission that the judgment in his favor was erroneous. It is insisted that the judgment in favor of The Praetorians should be reversed also, not because of any error that is now material, but in order that appellant may be protected in its right of subrogation to the lien of the mortgage.

But this is a common-law action, and we have no power to safeguard any right of subrogation further than to say that it is not involved on this appeal. As appellant has satisfied the judgment in favor of The Praetorians by payment, its appeal against them has become moot and should be dismissed.

Accordingly, it is ordered that the judgment in favor of Haughton be reversed at his cost; and that the appeal from the judgment in favor of The Praetorians be dismissed, without prejudice to the right of appellant on the question of subrogation.